**IN THE COURT OF APPEALS OF IOWA**

No. 20-1135
Filed November 4, 2020

**IN THE INTEREST OF R.C.,**
**Minor Child,**

**M.C., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Romonda Belcher,
District Associate Judge.

        A mother appeals the termination of her parental rights.  **AFFIRMED.**

        Ronald E. Langford of Langford Law Office, LLC, Des Moines, for appellant
mother.

        Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant
Attorney General, for appellee State.

        Erin Romar of Youth Law Center, Des Moines, attorney and guardian ad
litem for minor child.

        Considered by Bower, C.J., and Schumacher and Ahlers, JJ.

**BOWER, Chief Judge.**

A mother appeals the termination of her parental rights pursuant to Iowa Code section 232.116(1)(h) (2020). She does not dispute the statutory ground for termination has been proved. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (noting that if a parent does not dispute grounds exist we need not address the first step of our three-step analysis). She maintains she should be granted a six-month extension and contends the loss of her parental rights is not in the child's best interests.

Our review of termination proceedings is de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *Id.* (citation omitted).

The mother argues "COVID-19 . . . put[ ] up barriers to compliance with services opportunities." The child was removed from the mother's care in May 2019 due to the presence of methamphetamine in the child's system at birth. The mother did not provide requested drug screens and did not follow through with recommended substance-abuse and mental-health treatment for the many months before pandemic-related closures. Thus, we are not persuaded the pandemic was the barrier to reunification.

For children younger than four years old, our legislature has set a six-month time frame for parent-child reunification. *See* Iowa Code § 232.116(1)(h)(3). "[O]ur legislature has carefully constructed a time frame to provide a balance between the parent's efforts and the child's long-term best interests." *A.M.*, 843 N.W.2d at 111 (citation omitted). "Once the limitation period lapses, termination

proceedings must be viewed with a sense of urgency." *In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000).

At the time of the termination-of-parental-rights hearing in June and July 2020, the child had been out of the mother's custody for more than twelve consecutive months and the mother had never moved beyond supervised visits. The trial court wrote:

> It is unfortunate, giving the pendency of this matter and the length of time the child has been removed, that the parents are just beginning to actively engage in services to be able to demonstrate sobriety, mental stability and an ability to have the child returned to their care. It has been well over a year since the removal, and this young child should not have to wait any longer for permanency.

We agree.

In considering whether the termination of parental rights is in the child's best interest, Iowa Code section 232.116(2) instructs "the court shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." This child has waited more than twice the statutory time frame, and the mother waited too long to engage in services. The child is in the only home she has ever known and is integrated into that family. The child needs and deserves permanency. An extension is not warranted here and termination of the mother's parental rights is in the child's best interests. We affirm.

**AFFIRMED.**